UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASEY R. DRUDGE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-426-HAB-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Casey R. Drudge, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against the Allen County Jail, alleging that one of the jail officers used excessive force against him and then he was denied medical attention for his injuries. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint details the events leading up to the alleged use of excessive force. Drudge says that on September 23, 2021, he was moved to a different cell while his cell was being cleaned after his toilet had overflowed. ECF 1 at 1-2. When it was time to return to his original cell, he refused to go. *Id.* at 2. He clogged his toilet with toilet

paper, and that toilet overflowed. *Id.* Approximately eight officers then approached the cell and asked him to cuff up. *Id.* Drudge alleges he turned around and allowed the officers to apply the handcuffs without incident. *Id.* But when they arrived back at his cell, he says the officer escorting him slammed his face into the back of the cell wall, splitting his forehead open. *Id.* Then, the officer body slammed a still-cuffed Drudge and stated, "Welcome to Allen County bitch." *Id.* at 3. Drudge alleges that he suffered a swollen jaw and other injuries but was denied medical attention for three days. ECF 1 at 3.

The complaint does not say whether Drudge was a pretrial detainee when the events occurred or whether he had already been convicted and was serving his sentence. Thus, it is not clear whether the court should apply the Fourteenth Amendment's or the Eighth Amendment's standards to evaluate a potential claim for the use of excessive force and denial of medical care. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (applying standard of objective unreasonableness to pretrial detainee's excessive force claim under Fourteenth Amendment, rather than Eighth Amendment's deliberate indifference standard); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (extending *Kingsley's* objective unreasonableness standard to medical claims brought by pretrial detainees). However, under either standard, the complaint does not state a claim because Drudge does not identify a proper defendant.

The only defendant named here is the Allen County Jail. The jail cannot be sued because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The proper defendant in a § 1983 action is an individual who was

2

personally involved in the alleged violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There is no general respondeat superior liability under 42 U.S.C. § 1983, which means that a plaintiff must identify the individual who participated in the alleged violation and not simply sue a supervisor or the organization that employs that person. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, Drudge must name as defendants the jail staff who were personally involved in the alleged violations. If he does not know their names, he must describe them to the best of his ability.

Although this complaint does not state a claim for which relief can be granted, Drudge may file an amended complaint to remedy the problems identified here because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, he is cautioned that his case cannot ultimately prevail if he did not properly exhaust the administrative remedies available to him at the jail. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). There is no futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted). In the complaint, Drudge says that he did not file a grievance about this incident because he feared prejudice. ECF 1 at 4. In an amended complaint, Drudge needs to both identify the proper defendants and fully explain why he did not file a grievance and exhaust the jail's administrative process before he filed this complaint.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Casey R. Drudge;

(2) GRANTS Casey R. Drudge until **January 3, 2022**, to file an amended complaint on the court-approved form; and

(3) CAUTIONS Casey R. Drudge if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 30, 2021.

                                                  s/Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT