UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASEY R. DRUDGE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-426-HAB-SLC |
| GRIER/GRIER and MORGAN, | |
| Defendants. | |

OPINION AND ORDER

Casey R. Drudge, a prisoner without a lawyer, filed a complaint that the court determined did not state a claim because it did not identify the individual jail officers responsible for the alleged constitutional violations. ECF 4. He submitted an amended complaint, which is now ready to be screened. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Drudge alleges that on September 23, 2021, while Officer Grier[1] and Officer Morgan were escorting him back to his cell in double-locked cuffs, one of the officers

---

[1] Drudge is not sure whether this officer's name is spelled Grier or Greir, and he says his efforts to discover the correct spelling have been unsuccessful. He asks the court to request a copy of the

(he does not know which one) began speeding up as they approached the cell and threw him into the back wall of his cell. His forehead hit the wall and split open. Then, Officer Grier physically lifted him and bodyslammed him on the ground. One of the officers stated, "Welcome to Allen County, bitch," as they uncuffed him and left the cell. Drudge suffered wounds on his forehead, a swollen jaw, tooth pain, and dizzy spells.

Drudge says he was a pretrial detainee when these events occurred, so his claims are analyzed under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Id.* In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, additional fact finding may demonstrate that the force used against Drudge was objectively reasonable but giving Drudge the inferences to which he is entitled at this stage of the case, he has stated a claim of excessive force against Officer Grier and Officer Morgan for allegedly assaulting him on September 23, 2021.

---

disciplinary report from the jail. The court does not investigate claims for the litigants. After the defendants answer the complaint and the court sets a scheduling order, Drudge will be able to request the disciplinary report through discovery. At screening, the correct spelling of the officer's name is not material, as long as the officer can be reasonably identified. The court will use "Grier" in this order.

Although Drudge is not sure which officer first assaulted him, the case may still proceed against both. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable for failure to intervene. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). In order to prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Here, it is plausible that the officer who did not personally throw Drudge into the wall could have intervened to stop the use of force. The specifics of who did what can be explored in discovery, but the case may proceed against both officers who were present.

For these reasons, the court:

(1) GRANTS Casey R. Drudge leave to proceed against Officer Grier and Officer Morgan in their individual capacities for compensatory and punitive damages for the use of excessive force and failure to intervene on September 23, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Grier and Officer Morgan at the Allen County Jail, with a copy of this order and the amended complaint (ECF 5), under 28 U.S.C. § 1915(d);

(4) ORDERS Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Grier and Officer Morgan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 21, 2021.

    s/Holly A. Brady
    JUDGE
    UNITED STATES DISTRICT COURT